STATE OF MAINE

CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS SUPERIOR COURT
CLERK'S OFFICE CRIMINAL ACTOIN
Docket No. CR-08-382
' 2008 JUN 10 A 11: 43

STATE OF MAINE,

v.                                              DECISION

JOSHUA STOEHNER,

DONALD L. GARBRECHT
LAW LIBRARY

Defendant.

1. On February 1, 2008 at 11:30 p.m. Officer William Andrew observed two motor vehicles turn into the parking lot of a shopping mall in Windham.

2. The businesses in the mall were closed so the officer decided to follow the two cars.

3. The cars went through the mall, stopped at a stop sign and then exited the mall, turning right on Abby Road.

4. At one point before the stop sign, defendant's vehicle slid and then recovered. There was snow on the ground. There was no accident. Defendant's vehicle was traveling at a safe rate of speed for the condition.

5. Some 50 feet down the road, defendant's vehicle turned into the driveway of his house.

6. The officer stopped his cruiser behind defendant's vehicle and called out to defendant to identify himself.

7. Defendant, not recognizing the officer as an officer, told him to get off his property.

8. The officer grabbed defendant as he tried to enter his house. Defendant pulled away. The officer handcuffed defendant.

A True Copy
Attest: Jolly A Bourque
Clerk of Courts

9. In response to questioning following the handcuffing, defendant gave the officer his name and address.

10. Later, when backup arrived and defendant was cooperating, the officer un-handcuffed defendant and told him he was detained, not arrested.

## DISCUSSION

The State has presented no evidence that would justify a stop. One brief swerve on ice, in and of itself, is not evidence of wrongdoing.

The District Attorney has argued that defendant was violating a motor vehicle statute that prohibits cutting through a parking are to avoid a traffic signal. The officer did not testify that this was his reason for questioning defendant. Nor was there any evidence presented of any signals or stop signs that defendant avoided by going through the parking area of the mall. The only evidence of a stop sign was a sign for which defendant stopped.

The officer gave no reason for trying to question defendant, probably because he had no reason other than general suspicion.

Although the evidence is not clear in this case that a legal automobile stop actually took place, it is clear that the officer handcuffed defendant and only then succeeded in obtaining his identification. Under the circumstances the entry must be:

Defendant's motion to suppress is granted. Defendant's identification and all evidence resulting form that identification shall be suppressed.

DATED:     June 9, 2008

ATTORNEY: N. SETH LEVY
D.A. : MICHAEL MADIGAN

_____
William S. Brodrick
Active-Retired Justice, Superior Court

**A True Copy**
**Attest:** *Jolly A Bourget*
     */Clerk of Courts*

2